Mr. Justice Miller
delivered the opinion Of the court:
This is an appeal by the United States from a judgment of the Court of Claims in favor of Anthony W. Henry for thé sum *29 of $1,118.11... The claim of Henry is based upon the: following joint resolution of Congress, approved: July 26, 1866: ,. .
“ Be it resolved, &c., That in every case in, which a commissioned officer actually entered on duty as such commissioned officer, but, by reason of being killed iii battle, captured by the, enemy, or other cause beyond his control, -and without fault or neglect of his own, was not mustered within a period of not less than thirty days, .the Pay. Department.shall allow to such officer full pay and emoluments of his rank, from the date on which such, officer .actually entered on such' duty ms aforesaid, deducting from the amount paid in accordance with this resolution all pay actually received by such officer for such period." (lá Stat. L., p. 368.)
The Court of Claims find that the claimant was duly commissioned as second lieutenant in the Second Itegiment of Ohio Volunteer Infantry by the Governor of that State, which commission he accepted on the 15th day of August, 1863; that he actually served and performed the duties of that office from that day until October 10,1864, when he was mustered out of the service*with his regiment, and was during all that time recognized as such officer by his superior officers, and commanded the company in several battles. He was paid only the-amount due to the rank and service of first sergeant of infantry.
The reason why he was refused pay for his service as lieutenant is, that he had never been mustered into the service as a lieutenant; and as he offered himself repeatedly for such muster, and produced his commission, his counsel argue that he comes within the provisions of the joint resolution, since he entered on the duties of the office and performed the same, and his failure to be mustered in was without fault or neglect of his, and was from a cause beyond his control.
There is no question but that the claimant’s case comes within the strict letter of the joint resolution.
The coünsel for the United States, however, argues that .the joint resolution can only have application to the case, of an officer duly commissioned, and entitled by, 1cm to be mustered■ into service as stick officer, and that the finding of the court shows that claimant was not entitled to be mustered in when he accepted his commission and offered himself for that purpose.
This would raise a very interesting question, and one which might not be easy of decision, if’ the record in this case fairly *30 presented it. There is undoubtedly strong reason why Congress should have provided full pay for an officer who, holding a commission from the proper source, was given command and actually served as such officer, and had his rank recognized by all his superiors, though in point of fact not mustered in as such or entitled to be; and it is certain he would not be entitled to such pay without the enabling act.
But we do not find in the record, the evidence, or any finding of the court, that claimant was not entitled to be mustered into the service. The finding of the Court of Claims on that subject is as follows:
“ Upon receipt of the commission from the governor of Ohio, the claimant presented himself for muster, as second lieutenant, to the proper mustering officer of his division, but was refused such muster, the mustering officer alleging that Company D, to which the claimant was assigned, was reduced below the minimum number, and that, therefore, he was not entitled to be mustered.”
Counsel for the Government, assuming that what the mustering officer alleged is to be treated here as an established fact, further assumes that that fact brings his case within the language of section twenty of the act of March 3,1863, (12 Stat., 734,) to wit: That whenever a, regiment is reduced below the minimum number allowed by law, no officer shall be appointed to such regiment beyond those necessary for the command of such reduced number.
But the argument is open to more than one fatal objection.
1. The claimant having shown that he was regularly commissioned and served as a lieutenant, and was, without fault of his, refused a muster, so that he comes within the literal terms of the joint resolution, if any fact is relied on to defeat his claim, it should be specifically found and stated by the Court of Claims. This is not done by a finding of that court, that the mustering officer alleged that Company D was reduced below the minimum number. If the fact that the company was below the minimum was important in the case, it should have been found as a fact by the court, and not stated merely as the alleged reason of the officer for refusing to muster in the claimant. The muster-roll of the company was within the control of the Government, and would have settled the fact, one way or the other, beyond dispute.
*31 2. The act relied on by counsel forbids tlie appointment of ■officers in a regiment, when it is reduced below the minimum number allowed by ltiw, beyond those necessary for the command of such reduced number.
It is quite consistent with a reduction of Company D below the minimum for a company that the regiment was not below the minimum for a regiment. Indeed, it is unreasonable to suppose that, because a single company is reduced below the minimum, the regiment is for that reason to be so treated, and to have no more officers appointed in it until that company is filled up.
There is no finding, nor any allegation, in the present case, that the regiment was below the minimum, and therefore this act does not apply; nor are we pointed by counsel to any law or regulation of the service which fixes what is the minimum of a regiment of volunteer infantry; nor does the Court of ■Claims find any facts from which, if we had such a law or regulation before us, we could decide whether this regiment, or indeed this company, was in fact below the minimum as established by law at the time the claimant offered himself for muster.
Under these circumstances, the judgment of the Court of Claims must be affirmed.